## Craig *versus* Moorhead's Executor.

*" Gifts," " Loans," and " Advancements" discussed and distinguished.*

A son-in-law, after the death of his wife (who had left children), received from his father-in-law $2000, " in part of my former wife's share of his personal estate as willed to her, which sum I bind myself to account for to his executors and his other legatees in the final settlement of his estate, without interest." After the death of the father, his executor brought an action of debt to recover this sum. *Held*, that the money was not a gift or an advancement, but a loan, and that the executor was entitled to recover, though his administration account had not been finally settled.

ERROR to the Common Pleas of *Westmoreland county*.

This was an action of debt brought by Joseph Moorhead, surviving executor of Samuel Moorhead, deceased, against Alexander Craig.

The material facts of the case were as follows :—The defendant was married to Rebecca, one of the daughters of Samuel Moorhead, who, on the 15th of August 1845, executed a will, in and by which he gave to his daughter, Rebecca Craig, a certain tract of land therein mentioned, with an equal share of the residue of his estate. Some time after the execution of this will, Mrs. Craig died, leaving three children. After her death, to wit, July 5th 1851, Mr. Craig received from Samuel Moorhead the sum of $2000, for which he gave the following receipt :—

" Received of my father-in-law, Samuel Moorhead, $2000, in part of my former wife's share of his personal estate as willed to her, which sum I hereby bind myself to account for to his executors and to his other legatees in the final settlement of his estate, without interest. Witness my hand and seal this 5th day of July 1851.

(Signed)　　　　　　　　" ALEX. CRAIG." [L. S.]

After the death of Samuel Moorhead (which occurred in 1853), his executor brought this suit, and declared on the above instrument of writing.

The defendant filed an affidavit of defence, in which he stated that this receipt embraced all the moneys that had been given to his wife and himself, a part of which had been given to her in her lifetime. On the 26th December 1860, soon after suit was brought, the defendant filed special pleas in abatement, alleging therein that the money mentioned in the receipt was an advancement, and that the Orphans' Court alone had jurisdiction. Before proceeding to trial the plea of *non est factum* was added.

The plaintiff alleged that the paper in question was a bond, and averred, as necessary to a recovery thereon, that there had been a final settlement of the estate of Samuel Moorhead, and an account with the executor demanded. On the trial it was

8 WR.—7

[Craig *v.* Moorhead's Executor.]

admitted that there had been no settlement of the estate of Moorhead by the executor, and there was no evidence of any request to account.

The court below (BUFFINGTON, J.) instructed the jury as follows:—

"The action is on the paper in suit; and the question is whether this suit can be sustained on it. Defendant certainly agrees to account for this money to the estate of old Mr. Moorhead. He binds himself to do so.

"But it is said the Orphans' Court had jurisdiction. We do not think so. We look upon him as a debtor to account for this money. It is further said it cannot be recovered till a final settlement. If there is anything in this it ought to have been pleaded in abatement. Some parol evidence as to the true meaning and construction of this note has been given. If that had been objected to, the court would have overruled it. Parol evidence cannot be admitted to vary a written agreement, particularly loose declarations made in the course of conversations on other matters. We therefore think that this parol evidence, so far as has a tendency to alter the terms of the agreement, is to be disregarded."

Under these instructions there was a verdict and judgment for plaintiff for $2000; whereupon the defendant sued out this writ, and assigned for error the instruction given by the court to the jury as above stated.

The case was argued by *H. P. Laird*, for plaintiff in error. The defendant's counsel presented no written argument.

The opinion of the court was delivered by

STRONG, J.—We are unable to come to any other conclusion than that the Court of Common Pleas construed correctly the instrument upon which the suit was brought. It is certain that the $2000 were not given by Mr. Moorhead to his son-in-law Mr. Craig. The latter's engagement to account for it is conclusive against the theory of a gift. Nor was it an advancement in partial ademption of the legacy given by Mr. Moorhead's will to Mrs. Craig; for that legacy, in consequence of her prior death, was a legacy exclusively to her children. It could not be adeemed by an advance of money to any other than themselves. It might have been reduced by a change of the testator's will, but advancement or ademption was impossible, unless they were parties to it. Even had Mr. Moorhead died intestate, Mrs. Craig's children could not have been compelled to bring the $2000 into hotchpot before they could have claimed as distributees. But if neither a gift nor an advancement, it must be held a loan. The contract contains a promise to account for it to the

[Craig *v.* Moorhead's Executor.]

executors of Mr. Moorhead's will and to his *other* legatees. The promise was made to the testator, and was therefore enforceable by his executors. It can mean nothing else than an engagement to repay, so that the legatees should lose nothing more than interest, in consequence of the deposit of $2000 in the promissor's hands. It is true, the receipt describes the money as "in part of my (Mr. Craig's) former wife's share of his (the testator's) personal estate as willed to her." This, in connection with the promise to account, is obviously nothing more than a description of the fund out of which the $2000 were taken. The language of Mr. Moorhead, as expressed by the contract, is—"I have set apart by will a portion of my personal estate for your former wife; I take a part of it and place it in your hands, to be accounted for by you without interest, when my estate comes to be settled or distributed after my death." To this Mr. Craig assented. Nor were the executors compelled to delay calling the defendant to account until their administration accounts shall be finally closed. They never can be closed while this matter remains unsettled. The "final settlement," spoken of in the contract, manifestly intended the administration of the testator's will, rather than the settlement which the testator had ordered by his will.

Judgment affirmed.